FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 10:59 am, May 18, 2020

# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division

```
UNITED STATES OF AMERICA,      *
                               *
                               *
     v.                        *      CR 616-014
                               *
WILLIAM RANDALL COLLINS,       *
                               *
          Defendant,           *
```

## ORDER

Before the Court is Defendant William Collins' ("Collins") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), as modified by the First Step Act of 2018. Dkt. No. 71. For the reasons set forth below, Collins' motion is **DISMISSED**.

## BACKGROUND

In November 2016, under a written plea agreement, Collins pleaded guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced Collins to a term of fifty-seven months' imprisonment with the Bureau of Prisons ("BOP"). The Eleventh Circuit denied Collins' direct appeal. Dkt. No. 68. According to the BOP website, Collins is currently incarcerated at Oakdale I

FCI located in Oakdale, Louisiana, with a projected release date of October 17, 2020.

## DISCUSSION

Collins' motion is entitled "Emergency Motion for Injunctive Relief," in the form of home confinement, and filed pursuant to 18 U.S.C. § 3582(c)(1)(a), the First Step Act, and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020.  Collins' motion is primarily based on the COVID-19 pandemic and his assertion of danger to his health.

It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release.  The BOP is utilizing its authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act.[1]

---

[1] On March 26, 2020, the Attorney General directed the Director of BOP, upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. That authority includes the ability to place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, see 18 U.S.C. § 3624(c)(2), and to move to home confinement those elderly and terminally ill inmates specified in 34 U.S.C. § 60541(g). Further, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, permits BOP, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first

These statutes do not authorize a federal court to order the BOP to release a prisoner. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also United States v. Lovelace, No. 12-402, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 2014) ("[T]he Court has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house." (citing 18 U.S.C. §§ 3621(b) & (b)(5))).

With regard to Collins' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court finds Collins has not exhausted his administrative remedies with the BOP as required under the statute. As such, the Court lacks jurisdiction to decide Collins' request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does

---

sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." On April 3, 2020, the Attorney General issued a memorandum directing BOP to "immediately maximize appropriate transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and at other similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from the Attorney General to the Director of the Bureau of Prisons (Apr. 3, 2020), available at https://www.justice.gov/file/1266661/download. As a result, the BOP implemented the Attorney General's directive.

3

not have jurisdiction to consider the motion." (quoting <u>United States v. Coates</u>, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Collins' motion, dkt. no. 71, is **DISMISSED**.

**SO ORDERED**, this 18th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)